IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRITNEY R. THOMAS, AIS # 237646,** | : | |
| **Plaintiff,** | : | |
| vs. | : | **CIVIL ACTION 15-00291-KD-C** |
| **LIEUTENANT DEMINGS,** *et al.,* | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the court following the undersigned's notification of intent to recommend summary judgment for the remaining, unserved, defendant pursuant to Fed. R. Civ. P. 56(f)(3).  After a thorough review of the record and having no objections filed to the court's Notice to Recommend Summary Judgment in favor of Defendant Officer Hill, the undersigned now recommends to the presiding District Judge that summary judgment be granted, *sua sponte*, in favor of Defendant Officer Hill.

Plaintiff Thomas brought this § 1983 action against Lieutenant Demmings, Sergeant Hayes, Officer Clark, Detective Golston, and Officer Hill with claims of "police brutality and assault." (Doc. 1 at 8).  With the exception of Defendant Officer Hill, all defendants were served with the suit and answered the same. (Docs. 18-20, 22-23).  The court converted the defendants' answers and special reports into a motion for summary judgment (Doc. 24), and on May 2, 2016, the undersigned entered a report and recommendation, *inter alia*, that summary

judgment be granted in favor of defendants. (Doc. 29).

The report also notified Plaintiff, pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure*, of the court's intent to recommend summary judgment in favor of the unserved defendant, Officer Hill, on all claims raised. The court explained in its report that Plaintiff Thomas presented no additional allegations or differing facts as to his claims against Defendant Officer Hill as those against the defendants granted summary judgment. (Doc. 29 at 18). Thus, the court maintained its analysis of the allegations against Defendant Officer Hill would be identical to those of the defendants to whom summary judgment was granted. Plaintiff Thomas was notified of the court's intention to recommend summary judgment in favor of Defendant Officer Hill, and its reasoning for so doing. Plaintiff was instructed that he had fourteen days to object to the report and recommendation or the undersigned would recommend to the District Judge that summary judgment be granted in favor of Defendant Officer Hill, and a final judgment be entered in this case without trial. (*Id*. at 19).

The District Judge adopted the report and recommendation on June 15, 2016 (Doc. 32), and to date, Plaintiff Thomas has made no objections to the report and recommendation, including the notification to enter summary judgment in favor of Defendant Officer Hill.

Therefore, with no objections having been made to the May 2, 2016 report and recommendation, the undersigned hereby incorporates by reference and adopts the analysis of the previous report and recommendation (Doc. 29) and recommends that pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure* summary judgment be entered in favor of Defendant Officer Hill and that Plaintiff Thomas' complaint be dismissed in its entirety.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 18th day of October, 2016.

U.S. Magistrate Judge William Cassady

Digitally signed by U.S. Magistrate Judge William Cassady
DN: cn=U.S. Magistrate Judge William Cassady, o=Federal Judiciary, ou=U.S. Government, email=efile_cassady@alsd.uscourts.gov, c=US
Date: 2016.10.18 12:50:57 -06'00'

WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE